This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40127

**NANCY HENRY,**

Petitioner-Appellant,

v.

**NEW MEXICO LIVESTOCK BOARD**
**and JULIE GAUMAN, in her official**
**capacity as Records Custodian**
**for the New Mexico Livestock Board,**

Respondents-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Daniel E. Ramczyk, District Court Judge**

Barnhouse Keegan Solimon & West LLP
Michelle T. Miano
Christina S. West
Jesse D. Heibel
Los Ranchos de Albuquerque, NM

for Appellant

Cuddy & McCarthy, LLP
Scott P. Hatcher
Carl J. Waldhart
Santa Fe, NM

for Appellees

**MEMORDANDUM OPINION**

**IVES, Judge.**

**{1}** In this Inspection of Public Records Act (IPRA) case, Petitioner Nancy Henry petitioned the district court for a writ of mandamus requiring Respondents—the New Mexico Livestock Board (NMLB) and its records custodian, Julie Gauman—to produce documents they failed to produce in response to Petitioner's IPRA request. After the district court issued a writ of mandamus, Respondents produced the documents sought by Petitioner. However, the district court denied Petitioner's requests for (1) statutory damages pursuant to NMSA 1978, Section 14-2-11(C) (1993), and (2) compensatory damages, attorneys' fees, and costs pursuant to NMSA 1978, Section 14-2-12(D) (1993). Petitioner appeals, arguing that both rulings are based on legal errors. We agree and therefore reverse and remand for further proceedings regarding Petitioner's requests.

## BACKGROUND

**{2}** The pertinent facts are undisputed. Petitioner submitted an IPRA request to NMLB for certain records regarding horses, wild horses, donkeys, goats, and pigs for the time period of January 23, 2021 through March 15, 2021. Respondents produced various responsive records to Petitioner and informed her that it considered the request closed. Petitioner then discovered, through an IPRA request she made to a district court, the existence of documents regarding the NMLB's impoundment of a gray thoroughbred horse in February 2021.

**{3}** Based on these facts, Petitioner filed a verified petition for an alternative writ of mandamus in the district court. Petitioner contended that "Respondents improperly withheld from [Petitioner] responsive public records in violation of the law" and that "Respondents have a mandatory duty to completely, adequately and fully respond to a written request for inspection of public records."

**{4}** The district court issued an alternative writ of mandamus to Respondents, requiring them to either produce responsive public records regarding NMLB's impoundment of a gray thoroughbred horse that "were improperly withheld" or, alternatively, file a response showing cause why they had not produced the records. Respondents then provided Petitioner with the responsive records regarding the February 2021 impoundment of the gray thoroughbred horse.

**{5}** The district court denied Petitioner's requests for (1) statutory per diem damages pursuant to Section 14-2-11(C), and (2) compensatory damages, attorneys' fees, and costs pursuant to Section 14-2-12(D). In support of its rulings, the district court found that in response to Petitioner's IPRA request, Respondents "searched for all responsive records and produced them in good faith, believing they had produced all of the responsive documents"; that Respondents' initial failure to produce the February 2021 impoundment records was "a mistake, an oversight"; and that "there was no evidence that [Respondents] had intentionally withheld documents from [Petitioner]." The court also found that when Petitioner discovered that Respondents' response to her request was incomplete, Petitioner "did not contact [Respondents] and submit a new or supplemental request," but instead petitioned for a writ of mandamus. Based on these

findings, the court concluded that Respondents had not "denied [Petitioner's] request" and that damages, attorneys' fees, and costs are therefore not available under Sections 14-2-11 and -12, which apply only "[i]f there is a denial by the custodian to produce public records which should [have been] produced." Petitioner appeals.

**DISCUSSION**

**{6}** Our review is de novo because Petitioner's challenges to the district court's rulings raise purely legal questions involving the interpretation of IPRA. *See Britton v. Off. of Att'y Gen.*, 2019-NMCA-002, ¶ 19, 433 P.3d 320. We conclude that the district court misinterpreted IPRA in two ways, each of which we explain in turn.

**I.      Respondents Wrongfully Denied Petitioner's IPRA Request**

**{7}** Petitioner argues that the district court erred by concluding that Respondent's response to Petitioner's IPRA request did not constitute a "denial" for purposes of statutory damages under Section 14-2-11(C), and compensatory damages, attorneys' fees, and costs under Section 14-2-12(D). We agree.

**{8}** Whether an IPRA request has been denied is an essential inquiry under both Section 14-2-11(C) and Section 14-2-12(D). Section 14-2-11(C) requires an award of damages for each day of delay when (1) an IPRA request is denied; (2) a timely and adequate written explanation of the reasons for the denial is not provided to the requester; and (3) the failure to timely explain "is determined to be unreasonable." Section 14-2-12(D) provides that "[t]he court shall award damages, costs and reasonable attorneys' fees to any person whose written request has been denied and is successful in a court action to enforce the provisions of [IPRA]." Importantly, IPRA provides that an omission may amount to a denial under certain circumstances. Those circumstances are described in Section 14-2-11(A): "Unless a written request has been determined to be excessively burdensome or broad, a written request for inspection of public records that *has not been permitted* within fifteen days of receipt by the office of the custodian may be *deemed denied*." (Emphasis added.)

**{9}** Because those circumstances are present here, the district court erred by concluding that Respondents did not deny Petitioner's request. There was no determination that her request was excessively burdensome or broad, and Respondents did not permit her to inspect the February 2021 impoundment records within fifteen days of receiving her request. The request was therefore deemed denied pursuant to Section 14-2-11(A).

**{10}** The district court's reasons for reaching the opposite conclusion—that no denial occurred—are contrary to IPRA. The district court concluded that no denial occurred because Respondents produced "in good faith" all of the responsive documents that they located during their search, "there was no evidence that [Respondents] had intentionally withheld documents," and Respondents' failure to timely provide the February 2021 impoundment records was therefore "a mistake, an oversight." The

district court did not cite any legal authority to support imposition of a requirement that documents be withheld intentionally, as opposed to inadvertently, and we are not aware of anything in IPRA and or the precedent interpreting it that would support such a requirement.

**{11}** Respondents defend the district court's reasoning, arguing that innocent omissions and oversights do not amount to denials, and that Petitioner has never demonstrated that Respondents withheld any documents intentionally or in bad faith. Respondents contend that holding agencies liable for innocent omissions or oversights "contradicts the plain meaning of IPRA and the [l]egislative intent." However, Respondents do not identify anything in the plain language of IPRA that supports their position, and we find no textual support for it anywhere in the statutory scheme. Nor do Respondents explain how requiring a showing of intentionality or bad faith would be consistent with the intent of the Legislature, as set forth in NMSA 1978, Section 14-2-5 (1993).

**{12}** Respondents rely on *Faber v. King*, 2015-NMSC-015, 348 P.3d 173, and *Dunn v. Brandt*, 2019-NMCA-061, 450 P.3d 398, but neither precedent supports their position. Both precedents recognize that compensatory damages, attorneys' fees, and costs are only available under IPRA for denials that are "wrongful," *see Faber*, 2015-NMSC-015, ¶ 11; *Dunn*, 2019-NMCA-061, ¶ 10, but neither case holds, or even suggests, that whether a denial is wrongful hinges on whether the agency or its custodian of records intended to deprive a requester of documents, or on whether the agency or its custodian acted in bad faith. Indeed, *Dunn* and other precedent teach that whether a denial is wrongful hinges on whether the agency lacked a legal justification for failing to produce the requested records—i.e., whether the requester had a right, under IPRA, to inspect the requested records. *See Dunn*, 2019-NMCA-061, ¶ 10 (recognizing that a wrongful denial occurs when an agency fails to produce responsive documents based on an inapplicable privilege or statutory exemption but that a denial is not wrongful if it is "in accordance with an enforceable court order"); *Edenburn v. N.M. Dep't of Health*, 2013-NMCA-045, ¶ 40, 299 P.3d 424 (recognizing that a wrongful denial occurred when an agency relied on a privilege negated by precedent); *see also City of Las Cruces v. Pub. Emp. Lab. Rels. Bd.*, 1996-NMSC-024, ¶ 9, 121 N.M. 688, 917 P.2d 451 (recognizing that there are circumstances under which documents may be "justifiably withheld" under IPRA). In the case before us, Respondents never argued—and the district court never concluded—that Respondents' failure to timely produce the February 2021 impoundment documents was legally justified under IPRA based on a privilege, a statutory exception, a court order, or any other authority. We therefore conclude that Respondents' denial of Petitioner's request for the February 2021 impoundment documents was wrongful.[1]

---

[1]To the extent that the district court reasoned that although Respondents did not deny Petitioner's request because they produced some responsive records, even though they failed to produce the February 2021 impoundment documents, the district court erred. "[N]owhere does IPRA expressly contemplate or provide for 'incomplete' or 'inadequate' responses, i.e., ones in which the public body has failed to permit inspection of *all* nonexempt responsive records." *Britton*, 2019-NMCA-002, ¶ 31

## II. IPRA Does Not Foreclose Awards of Damages, Attorneys' Fees, and Costs Based on Petitioner's Choice to Seek a Writ of Mandamus Instead of Asking Respondent To Produce The Wrongfully Withheld Documents

**{13}** The district court denied Petitioner's requests for damages, attorneys' fees, and costs based in part on Petitioner's decision about how to proceed after she discovered that Respondents had not produced all responsive documents. As described above, the district court referred repeatedly to Petitioner's choice to file a petition for a writ of mandamus rather than submitting a new or additional IPRA request to Respondents. Petitioner argues that the district court erred. We agree based on the clear meaning of various provisions of IPRA. *See State ex rel. Helman v. Gallegos*, 1994-NMSC-023, ¶ 22, 117 N.M. 346, 871 P.2d 1352 ("[I]f the meaning of a statute is truly clear—not vague, uncertain, ambiguous, or otherwise doubtful—it is of course the responsibility of the judiciary to apply the statute as written.").

**{14}** The district court's reasoning cannot be reconciled with the text of IPRA. Various provisions of the statutory scheme authorize Petitioner to proceed as she did, and we are left with no doubt that Petitioner's choice to enforce IPRA through litigation was not a sound reason for denying her requests for damages, attorneys' fees, and costs. We begin with Section 14-2-11, which provides that when, as in this case, a request is deemed denied, "[t]he person requesting the public records may pursue the remedies provided in [IPRA]," and the records custodian "is subject to an action to enforce the provisions of [IPRA]." Importantly, the enforcement statute, Section 14-2-12(C), makes clear that a requester need not follow up with the agency or its custodian from whom the records were requested before initiating judicial proceedings to enforce IPRA: "The exhaustion of administrative remedies shall not be required prior to bringing any action to enforce the procedures of [IPRA]." Here, Petitioner pursued enforcement in a manner explicitly permitted by IPRA; she filed a civil action in the district court seeking a writ of mandamus. *See* Section 14-2-12(B). Because Petitioner obtained the writ and the February 2021 impoundment documents, she was "successful in a court action." Section 14-2-12(D). Under these circumstances, "[t]he court shall award damages, costs, and reasonable attorneys' fees," § 14-2-12(D), and the court may also award per diem damages, if appropriate, under Section 14-2-11(C). The remedies provisions of Sections 14-2-11 and -12 are designed in part to facilitate what occurred here: use of the judicial process to enforce IPRA. *See San Juan Agric. Water Users Ass'n v. KNME-TV*, 2011-NMSC-011, ¶ 12, 150 N.M. 64, 257 P.3d 884 ("IPRA includes remedies to encourage compliance and facilitate enforcement."). Contrary to the district court's reasoning, none of the remedies provided for by IPRA are foreclosed by Petitioner's decision to go to court to enforce the statute without first asking Respondents to voluntarily address their own failure to produce responsive records.

## CONCLUSION

---

(emphasis added). Where, as here, "a public body provides an incomplete or inadequate response to a request to inspect public records, that body is not in compliance with IPRA." *Id.* ¶ 33.

**{15}** We reverse the district court's denial of Petitioner's requests for statutory per diem damages, compensatory damages, attorneys' fees, and costs, and we remand for reconsideration of those requests as follows. Because Respondents wrongfully denied Petitioner's IPRA request and she was successful in her mandamus action, Petitioner is entitled to reasonable attorneys' fees and costs and, if proven by Petitioner, compensatory damages under Section 14-2-12(D). Whether Petitioner is entitled to per diem damages depends on whether the district court determines that Respondents' failure to timely explain their reasons for failing to produce the February 2021 impoundment records is "unreasonable." Section 14-2-11(C); *see also Britton*, 2019-NMCA-002, ¶ 40 (recognizing that whether an agency responded reasonably under Section 14-2-11(C) is a question of fact). If the district court determines that Petitioner is entitled to per diem damages, the court should exercise its discretion to award an amount that achieves the purposes of per diem damages in light of the facts of this case. *See Britton*, 2019-NMCA-002, ¶¶ 38-39.

**{16}  IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JACQUELINE R. MEDINA, Judge**